Filed 7/3/13  Farmers New World Life Ins. v. Beebe CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, | F064072 |
| Plaintiff, | (Super. Ct. No. 09CECG04640) |
| v. | |
| RHONDA BEEBE, | **OPINION** |
| Defendant and Appellant; | |
| DAVID MATTICE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Rhonda Beebe, in pro. per., for Defendant and Appellant.

Wild, Carter & Tipton and Thomas A. Markeson for Defendant and Respondent.

-ooOoo-

Appellant appeals from the judgment in an interpleader action, which determined that the proceeds of decedent's life insurance policy should be distributed in

accordance with a change of beneficiary form executed by decedent and appellant prior to decedent's death, rather than pursuant to the original designation of appellant as the sole beneficiary. We find no error in the judgment and affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff, Farmers New World Life Insurance Company, filed an interpleader action to obtain a judicial determination of the rights of competing claimants to the proceeds of a $400,000 life insurance policy on the life of decedent, Gary Mattice. Decedent's widow, Rhonda Beebe, and his brother, David Mattice, filed claims. The remaining named defendants, decedent's four children, defaulted. After depositing the insurance proceeds with the court, plaintiff was discharged from any liability in the matter.

Decedent and Beebe were married May 30, 2006. The insurance policy on the life of decedent was issued in November 2006. Initially, Beebe was named as the sole beneficiary. In early 2007, decedent was diagnosed with cancer. In September 2008, decedent left the residence he shared with Beebe and moved into a trailer he parked in his daughter's driveway. In November 2008, he moved into an apartment owned by his family, which he shared with his cousin, Mark Williams. Decedent told family members he wanted to divorce Beebe. Decedent told Williams he did not want to go through another divorce, and there would not be enough time for it; he wanted to keep peace in the family and take care of everyone.

In October 2008, a change of beneficiary form was prepared, designating Beebe, David Mattice, and decedent's mother, Joyce Mattice as beneficiaries; it indicated David[1] was to receive $50,000, Joyce was to receive $25,000, and Beebe was to receive the remaining $325,000. The form was never signed. Decedent wanted certain debts to be

---

[1] Because they share a last name, we refer to the Mattices by their first names for convenience and clarity. No disrespect is intended.

2

paid out of the insurance funds, but he became concerned Beebe would not pay them; he wanted David to receive the money and take care of the debts. A second change of beneficiary form, dated October 24, 2008, designated that David would receive $280,000, Beebe would receive $80,000, and decedent's four children would receive $10,000 each. Decedent and Beebe signed this change of beneficiary form.

After decedent's death on July 4, 2009, David and Beebe made claims on the policy. In this action, Beebe sought to invalidate the October 24, 2008, change of beneficiary form on the ground she signed it due to decedent's fraud or duress. Beebe represented herself at trial; she presented no witnesses and only one exhibit. The trial court found that Beebe had not proven she was induced to sign the change of beneficiary form by fraud or duress. It entered judgment directing payment of the policy proceeds in accordance with the October 24, 2008, beneficiary designation. Judgment was entered accordingly.

On December 6, 2011, Beebe filed her notice of appeal. On December 7, 2011, she filed an ex parte application for a stay of distribution of the funds pending her appeal. The trial court apparently granted the stay, but, in response to an alternative writ from this court, entered a new order vacating the original order and granting a stay only if Beebe gave an undertaking in the amount of $100,000. Beebe challenges the judgment of the trial court and the order conditioning a stay on posting of a $100,000 undertaking.

## *DISCUSSION*

### I. Court Advising Self-represented Party

"'A litigant has a right to act as his own attorney [citation] "but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded." [Citations.]'" (*Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290 (*Doran*).) "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the

3

same, but no greater consideration than other litigants and attorneys.' [Citation.]" (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.) "While it is the duty of a trial judge presiding over the trial of a case being conducted by a layman or a laywoman in propria persona to see that a miscarriage of justice does not occur through inadvertence, he is not required to act as counsel for that party in the presentation of evidence. [Citation.]" (*Taylor v. Bell* (1971) 21 Cal.App.3d 1002, 1008.) "'The fact that a layman elects to represent himself "certainly does not excuse him from a failure of proof" of his cause of action.'" (*Doran, supra*, at pp. 290–291.)

## II.    Substantial Evidence of Duress

In its oral statement of decision, the trial court stated that it heard the evidence and evaluated it carefully, but it was "unable to come to the conclusion that Mrs. Beebe's signing of the form … that designated which beneficiaries would receive which amounts under the subject insurance policy … was done as a result of fraud or as a result of duress." Beebe contends this conclusion was erroneous, because "a reasonable interpretation of the evidence at trial" was that she would only have signed the document under duress. Under the substantial evidence standard of review, however, the question was not whether there was substantial evidence to support a contrary finding, but whether there was sufficient evidence in the record to support the findings the trial court made. (*Bowers v. Bernard* (1984) 150 Cal.App.3d 870, 873–874.) Where the trial court finds that the party with the burden of proof failed to prove one or more elements of his or her case, "the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law." (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1528.)

There was substantial evidence to support the court's implicit finding that Beebe signed the change of beneficiary form; that fact was not disputed. There was no evidence in the record to support a finding that Beebe signed the form under duress. David called

4

Beebe as a witness in his case, but did not elicit any testimony about duress. Beebe failed to call any witnesses, including herself; she had only one exhibit admitted, a copy of the October 24, 2008, change of beneficiary form that included her handwritten notations and highlighting. The trial court was not obligated to act as counsel for Beebe or to advise her how to go about presenting or proving her case. She failed to present any evidence that her signature on the change of beneficiary form was obtained by fraud or duress.

There was no evidence before the court from which it could have concluded Beebe signed the form under duress. As David points out, the only mention of duress during the trial was in Beebe's opening statement, which was not made under oath or subject to cross-examination, and was not evidence to be considered at trial. (Evid. Code, § 140; CACI No. 106; *People v. Arnold* (1926) 199 Cal. 471, 486.) Substantial evidence supported the trial court's judgment.

## III. Beebe's Other Arguments

Beebe seems to complain of three omissions by the trial court: (1) when David's attorney, Monrae English, noted she had witnesses in the courtroom, and asked if they could stay, the court allowed them to stay instead of excluding them pursuant to Evidence Code section 777; (2) the court permitted David's witnesses to testify to hearsay; and (3) when Beebe mentioned that David's attorney had misled her by telling her she would present no witnesses, the court failed to inquire further.

### A. *Excluding witnesses*

The trial court may exclude nonparty witnesses from the courtroom when they are not being examined, so that they cannot hear the testimony of other witnesses. (Evid. Code, § 777.) Beebe made no request to exclude any witnesses from the courtroom. Before either party made an opening statement, the following exchange took place:

"MS. ENGLISH [David's attorney]: And, your Honor, I know how you like to run your court, and I do have witnesses in the gallery, if you—

5

"THE COURT:      That's fine.

"MS. ENGLISH:     That's okay for them to stay?

"THE COURT:      Yes."

Beebe contends the court should have excluded the witnesses sua sponte, but instead it "specifically authorized their staying in the courtroom."  She asserts the witnesses "all had tens of thousands of dollars to gain by fabricating stories or by not telling the truth on the stand," and they should have been excluded so they could not hear other witnesses' testimony and get their stories straight.

"""[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court.""" (*Gonzalez v. County of Los Angeles* (2004) 122 Cal.App.4th 1124, 1131.)  The rationale for this rule is that a party should bring errors to the attention of the trial court while there is an opportunity to correct them; if it does not do so, the party forfeits any objection to the error.  (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264–265.)  If the rule were otherwise, a party would benefit from remaining silent in the trial court and raising the objections when it is too late to obviate them.  (*Ibid*.)  Although David's attorney addressed the matter in open court in Beebe's presence, Beebe did not object to the presence of the witnesses in the courtroom.  If she had brought the matter to the court's attention at the time, it could have been readily remedied.  The trial court was not obligated to advise Beebe how to present her case or when to object.

Even if we were to find that it was error for the trial court to grant permission for David's witnesses to remain in the courtroom without asking Beebe whether she had any objection, Beebe has not shown that such an error was prejudicial.  A judgment may not be reversed on appeal unless, after an examination of the entire cause, including the evidence, it appears the error caused a miscarriage of justice.  (Cal. Const., art. VI, § 13; *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574 (*Soule*).)  "'The burden is on

6

the appellant in every case to show that the claimed error is prejudicial; i.e., that it has resulted in a miscarriage of justice.' [Citation.]" (*In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337.)  Generally, an error is not prejudicial "unless there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached." (*Soule, supra,* 8 Cal.4th at p. 574.)

Other than Beebe, the three witnesses presented by David were David, decedent's daughter, Michell Voissem, and decedent's cousin, Mark Williams.  As a party, David could not have been excluded under Evidence Code section 777.  Mark Williams was not a beneficiary of the insurance policy in issue, and apparently had no financial stake in the outcome of the litigation.  Voissem was a beneficiary named in the October 24, 2008, change of beneficiary form.  She was the first to testify, however, so she did not hear or have the benefit of the testimony of other witnesses when she testified.  Consequently, Beebe has not shown that allowing the witnesses to remain in the courtroom during the testimony of other witnesses resulted in any prejudice.

### B.       *Hearsay*

Beebe complains that the witnesses were allowed to testify to what decedent told them even though that testimony was hearsay.  She acknowledges that the trial court was "not required to teach me how to do a trial," but argues it should have limited the questioning pursuant to Evidence Code section 1261 because all of those questions were asked "under circumstances such as to indicate [their] lack of trustworthiness."  Evidence Code section 1261 provides:

> "(a) Evidence of a statement is not made inadmissible by the hearsay rule when offered in an action upon a claim or demand against the estate of the declarant if the statement was made upon the personal knowledge of the declarant at a time when the matter had been recently perceived by him and while his recollection was clear.

7

"(b) Evidence of a statement is inadmissible under this section if the statement was made under circumstances such as to indicate its lack of trustworthiness."

By its terms, this section applies only "in an action upon a claim or demand against the estate of the declarant." (Evid. Code § 1261, subd. (a).) This action does not involve a claim against decedent's estate. Consequently, the statute does not apply in this case.

A judgment may not be reversed due to the admission of inadmissible evidence unless an objection to or motion to strike the inadmissible evidence "was timely made and so stated as to make clear the specific ground of the objection or motion." (Evid. Code, § 353, subd. (a).) "Lack of such objection deprives the proponent of the evidence [of] an opportunity to establish a better record or some alternative basis for admission. [Citation.]" (*Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 726, first bracketed insertion added, fn. omitted.) Beebe made only one objection to evidence in the trial court, and that objection was sustained. She now contends other unspecified testimony should have been excluded as hearsay, despite lack of any objection. Beebe is essentially asking that the court excuse her failure to object to inadmissible evidence because she represented herself and did not know when and how to make proper and timely objections. Beebe is governed by the same rules of evidence and procedure as an attorney and we cannot give her preferential treatment because she appeared in propria persona. (*Doran, supra,* 143 Cal.App.2d at pp. 290–291.)

If inadmissible hearsay is admitted without objection, it is evidence that may be considered by the trier of fact. (*In re C.B.* (2010) 190 Cal.App.4th 102, 133.) Thus, it was not error for the trial court to consider all the evidence that was presented without objection.

8

### C. *Counsel misleading Beebe about calling witnesses*

Beebe asserts that she told the trial judge that English misled her about calling witnesses, but the trial court ignored the issue. Beebe's brief states: "Prior to the trial, [English] had told me that she was not going to call any witnesses," so Beebe was "totally unprepared" when English began to call witnesses. Beebe asserts "[t]he judge should have stopped the proceeding and questioned Ms. English, on the record, about what she had told me and how she misled me, but he didn't." She claims she was thereby denied a fair trial.

The record reflects that English personally served on Beebe on September 30, 2011, a witness list, which listed 10 witnesses to be called at trial. Trial began on October 4, 2011. After English examined her first witness and the court asked Beebe if she had any questions for the witness, Beebe stated that English "this morning kind of convinced me there weren't going to be any witnesses," so Beebe was "not prepared at all." English served her witness list on Beebe several days prior to trial; Beebe had no reason, at that time, to believe English would not present witnesses. Even if, as Beebe charges, English told her on the morning of trial that she would present no witnesses, Beebe should have been prepared to proceed with trial, a trial including witness testimony, when she arrived at court that morning. She does not explain how her lack of preparation could be the result of statements not made to her until the morning of trial. She does not suggest any information the trial court would have acquired by questioning English and Beebe about Beebe's allegation that she was misled; she provides no facts the trial court would have learned that would have resulted in different handling of the issue. Consequently, Beebe has not established any prejudicial error arising out of her allegations that she was misled by English.

9

**IV. Bond for Stay**

Beebe contends the trial court improperly required her to post a $100,000 bond in order to stay distribution of the interpleaded funds during the pendency of the appeal. We lack jurisdiction to consider this argument because Beebe failed to appeal from the postjudgment order granting the stay on condition she post an undertaking.

A notice of appeal must identify "the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2).) Beebe's notice of appeal was filed December 6, 2011, and designated the "Judgment after court trial" as the judgment or order appealed. The stay order imposing the requirement of a $100,000 bond was entered February 24, 2012, more than two months after the notice of appeal was filed. Postjudgment orders staying execution of the judgment are separately appealable. (Code Civ. Proc., § 904.1, subd. (a)(2); *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–652.) "'[W]here several judgments and/or orders occurring close in time are separately appealable …, each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal.' [Citation.]" (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43, last bracketed insertion added.) Beebe did not file a notice of appeal specifying that she was appealing from the postjudgment order granting her request for a stay of distribution of the interpleaded funds. Accordingly, we lack jurisdiction to review that order. (*Id*. at pp. 43–44.)

## *DISPOSITION*

The judgment is affirmed. Respondent is entitled to his costs on appeal.

_____
HILL, P. J.

WE CONCUR:


_____
CORNELL, J.


_____
POOCHIGIAN, J.